UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ENVOY TECHNOLOGIES, INC.,<br><br>Plaintiff,<br><br>v.<br><br>NORTHROP GRUMMAN CO.,<br><br>Defendant. | Civil Action No. 19-13976 (GC) (DEA)<br><br>**ORDER** |

**THIS MATTER** comes before the Court on five motions: *first*, Plaintiff Envoy Technologies, Inc.'s ("Envoy") First Motion *in Limine* to exclude testimony of Defendant Northrop Grumman Co.'s ("Northrop") expert H. Ward Classen (ECF No. 138); *second*, Envoy's Second Motion *in Limine* to exclude testimony of Northrop's expert Mark Hosfield (ECF No. 139); *third*, Northrop's Motion for Leave to Move for Partial Summary Judgment, pursuant to Federal Rule of Civil Procedure 56 (ECF Nos. 161, 163); *fourth*, Envoy's Motion for Attorneys' Fees (ECF No. 170); and *fifth*, Envoy's Motion to File a Sur-Reply to Northrop's Motion for Leave (ECF No. 175). Following briefing by the parties, the Court carefully considered the parties' submissions and decided the motions with oral argument heard on August 8, 2023. For the reasons set forth on the record, and other good cause shown,

**IT IS** on this 9th day of August, 2023, **ORDERED** as follows:

1. Envoy's First Motion *in Limine* (ECF No. 138) is **GRANTED** in part and **DENIED** in part. Classen is precluded from offering testimony as to the intent or state of mind of others involved in this case. Classen also may not merely parrot emails and other parol evidence, but he may rely on such evidence to support otherwise

admissible expert testimony. And Classen may testify as to "perpetual" and "irrevocable" licenses in the context of the software-licensing industry customs and practices, but he may not testify as to the impact of such licenses on Northrop's or Envoy's legal obligations to each other in this case.

2. Envoy's Second Motion *in Limine* (ECF No. 139) is **GRANTED** in part and **DENIED** in part. Hosfield may adopt a version of disputed facts that favors Northrop. As with Classen, Hosfield may not merely parrot emails and other parol evidence, but he may rely on such evidence to support otherwise admissible testimony about damages. And, in anticipation of a finding on breach-of-contract liability unfavorable to Northrop, Hosfield may propose an alternative theory of expectation damages.

3. Northrop's Motion for Leave (ECF No. 161) is **DENIED** without prejudice to Northrop's ability to renew by motion *in limine* or other pre-trial or post-trial application the arguments underlying the proposed motion for partial summary judgment concerning damages sought by Envoy.

4. Envoy's Motion for Attorneys' Fees (ECF No. 170) is **DENIED**.

5. Envoy's Motion to File a Sur-Reply (ECF No. 175) is **DENIED**.

6. The Court's rulings on Envoy's motions *in limine* are "subject to change when the case unfolds, particularly if actual testimony differs from what was contained in the movant's proffer," and "even if nothing unexpected happens at trial, the district judge is free, in the exercise of sound judicial discretion, to alter a previous *in limine* ruling." *Luce v. United States*, 469 U.S. 38, 41-42 (1984).

7. The Clerk's Office is directed to **TERMINATE** the parties' motions (ECF Nos. 138, 139, 161, 170, 175).

*/s/ Georgette Castner*
**GEORGETTE CASTNER**
**UNITED STATES DISTRICT JUDGE**